Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| BANCO POPULAR DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>HÉCTOR JOSEPH NEGRONI MELÉNDEZ, ET. ALS.<br><br>Parte Peticionaria | TA2026CE00334 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: E CD2013-1596<br><br>Sala: 802<br><br>Sobre: Ejecución de Hipoteca y Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparecen ante *nos* Héctor J. Negroni Meléndez y Luz E. Miranda Díaz (peticionarios) y nos solicitan que revisemos y revoquemos una *Orden* emitida y notificada el 11 de marzo de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Caguas. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* una solicitud de relevo de sentencia que presentaron los peticionarios.

Por los fundamentos antes expuestos, se *deniega* la expedición del auto de *certiorari*.

### I.

El 17 de diciembre de 2013, Doral Bank presentó una *Demanda* sobre ejecución de hipoteca y cobro de dinero en contra de los peticionarios. En la misma, alegó que los peticionarios suscribieron y emitieron un pagaré hipotecario a favor de Doral

Mortgage Corporation, o a su orden, el 11 de abril de 1997 por $101,250.00 de principal más intereses. Posteriormente, el 31 de julio de 2014, la parte peticionaria presentó una *Contestación a Demanda y Reconvención*. El 14 de septiembre de 2014, Doral Bank presentó una *Réplica a Reconvención*.

Así las cosas, tras el cierre de Doral Bank, el préstamo hipotecario fue transferido a Banco Popular de Puerto Rico (recurrida). Luego de varios incidentes procesales, el 7 de junio de 2022, el foro primario emitió una *Sentencia*. Entretanto, el 22 de enero de 2026, la parte recurrida presentó una *Solicitud de Ejecución de Sentencia*. Así, el 2 de febrero de 2026, el TPI emitió una *Orden de Ejecución de Sentencia y Venta de Bienes*.

En vista de ello, el 6 de marzo de 2026, los peticionarios presentaron una *Urgente Solicitud de Relevo de Sentencia y de Desestimación de la Demanda [...]*. En ajustada síntesis, arguyeron que el préstamo pertenece a un inversionista privado, HSBC Bank USA National As (HSBC Bank). Señalaron que, tanto la parte recurrida como HSBC Bank, le ocultaron fraudulentamente al Tribunal que HSBC Bank tomó el pagaré en violación a la Ley de Transacciones Comerciales. En consecuencia, el 10 de marzo de 2026, la parte recurrida presentó una *Oposición a Solicitud de Relevo de Sentencia*.

Así pues, el 11 de marzo de 2026, el foro primario emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de relevo de sentencia y la paralización de los procedimientos post sentencia. Inconforme, el 18 de marzo de 2026, la parte peticionaria compareció ante *nos* mediante una *Petición de Certiorari* y alegó la comisión de los siguientes errores:

A. Erró el foro primario al negarse a ventilar en sus méritos en este caso una controversia bajo la Ley de Transacciones Comerciales que es claramente justiciable y está madura para su adjudicación en sus méritos. Al así obrar, ese foro infringió la clara

política pública prevaleciente en nuestro ordenamiento jurídico de "que los casos se ventilen en sus méritos" y que la decisión se base en el récord. Rivera v. Superior Pkg., 132 DPR 115, pág. 124; Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 DPR 881, pág. 889.

B. Erró el Tribunal a quo al negarse, sin ninguna justificación legal, a proveer en el caso de autos el relevo de sentencia peticionado y los remedios dispuestos en las Secciones 2-302 y 2-306 de la Ley de Transacciones Comerciales, supra. Al así obrar el foro a quo se negó a asegurar en el presente caso el resultado que el legislador quiso obtener al aprobar la LTC.

Ese mismo día, la parte peticionaria presentó una *Urgente Moción Solicitando Paralización de los Procedimientos Post Sentencia ante el Tribunal de Primera Instancia*. El 19 de marzo de 2026, emitimos una *Resolución* mediante la cual declaramos *No Ha Lugar* la solicitud de auxilio de jurisdicción y concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Oportunamente, el 25 de marzo de 2026, la parte recurrida presentó una *Urgente Oposición a Certiorari*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir

o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 63, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

## B. Relevo de Sentencia

La Regla 49.2 de Procedimiento Civil (32 LPRA Ap. V), provee para que un tribunal pueda relevar a una parte de una sentencia, orden o procedimiento, si concurre alguna de las situaciones allí señaladas. Dicho precepto reza de la siguiente forma,

> [m]ediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se

funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento [...].

Este precepto procesal civil tiene como fin establecer el justo balance entre dos principios de cardinal importancia en nuestro ordenamiento jurídico. De un lado, el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial. Del otro, que los litigios lleguen a su fin. Véase, *Municipio de Coamo v. Tribunal Superior*, 99 DPR 932 (1971); José A. Cuevas Segarra*, Práctica Procesal Puertorriqueña: Procedimiento Civil,* San Juan, Publicaciones JTS, 2000, T. II.

Así pues, esta Regla incorpora una facultad importante que tienen los tribunales para dejar sin efecto alguna sentencia, u orden suya por causa justificada. J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* Colombia, 1era Ed., 2012, pág. 296. El referido remedio de reapertura se origina en la propia razón de ser de los foros judiciales que es hacer justicia. Íd., citando a *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445 (1977).

Se ha dispuesto y reiterado que la Regla 49.2 debe interpretarse de una forma amplia y liberal. Echevarría Vargas, *op. cit.*, citando a *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314 (1997). Ello no significa que es una llave maestra para abrir todo asunto previamente adjudicado. Tampoco se puede utilizar en sustitución de los recursos de revisión ni de reconsideración. *Vega v. Alicea,* 145 DPR 236 (1998).

Debemos resaltar que nuestro más Alto Foro ha aclarado que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Piazza v. Isla del Río; Inc.*, 158 DPR 440 (2003); *Sánchez Ramos v. Troche Toro,* 111 DPR 155 (1981); *Municipio de Coamo v. Tribunal Superior, supra; Srio. del Trabajo v.*

*Tribunal Superior,* 91 DPR 864 (1965). Ello es así, debido a que las determinaciones judiciales que son finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido. Por ello, la Regla 49.2, *supra,* es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable "pero en ningún caso después de transcurridos seis (6) meses". *Piazza v. Isla del Río; Inc., supra.* Transcurrido dicho plazo no puede adjudicarse la solicitud de relevo. *Bco. Santander P.R. v. Fajardo Farms Corp.,* 141 DPR 237 (1996).

**III.**

En el caso de marras, la parte peticionaria planteó que erró el foro primario al negarse a ventilar en sus méritos una controversia bajo la Ley de Transacciones Comerciales que es claramente justiciable y está madura para la adjudicación en sus méritos. Coligió que, el TPI infringió la clara política pública prevaleciente en nuestro ordenamiento jurídico de que los casos se ventilen en sus méritos y que la decisión se base en el récord. Finalmente, esgrimió que erró el foro primario al negarse, sin ninguna justificación legal, a proveer en el caso de autos el relevo de sentencia solicitado y los remedios dispuestos en las Secciones 2-302 y 2-306 de la Ley de Transacciones Comerciales.

De conformidad con los hechos aquí reseñados, el 7 de junio de 2022, el foro primario emitió una *Sentencia.* Sin embargo, pasados más de tres (3) años del dictamen, los peticionarios solicitaron el relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, *supra.* Esto, luego de que la parte recurrida presentara una *Solicitud de Ejecución de Sentencia.*

Así pues, luego de evaluar la totalidad del expediente y la *Orden* recurrida y luego de analizada la totalidad de las circunstancias del caso, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición

del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV**.

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón y el Juez Rodríguez Flores concurren sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones