JULIO SOTO BOSQUE, peticionario y recurrente, *v.* JUNTA DE PERSONAL DE PUERTO RICO, querellada y recurrida.

Número: 28       Resuelto: 26 de junio de 1962

*Benjamín Ortiz* y *Angel Viera Martínez,* abogados del peticionario y recurrente; *J. B. Fernández Badillo, Procurador General, Genoveva R. de Carreras, Procurador General Auxiliar,* abogados de la querellada y recurrida.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

## SENTENCIA

En 10 de septiembre de 1956 el recurrente Julio Soto Bosque fue destituído por el Secretario de Hacienda del puesto de agente de rentas internas adscrito al Negociado de Bebidas Alcohólicas. Dentro del término de 10 días apeló ante la Junta de Personal de la actuación de la auto-

ridad nominadora, la cual señaló la audiencia correspondiente para el día 6 de diciembre siguiente. Aduciendo que en relación con los mismos hechos se encontraba pendiente un proceso criminal ante los tribunales de justicia, Soto solicitó y obtuvo la suspensión de la vista. No fue hasta el día 16 de julio de 1958, después de haberse suspendido a instancias del recurrente dos señalamientos adicionales, que la Junta de Personal entendió en el asunto.

En 26 de julio de 1958 la Junta dictó resolución ordenando la reposición del empleado ya que consideró que la prueba era insuficiente para sostener la actuación del Secretario de Hacienda. Autorizó además el pago de los sueldos que le habrían correspondido, pero lo limitó al período comprendido entre la fecha de la destitución y la del señalamiento original de 6 de diciembre por entender que, habiéndose gestionado las posposiciones por el recurrente, no era razonable que se le impusiera el pago de los sueldos al Estado. El recurrente solicitó la reconsideración y ésta le fue negada. Solicitó la revisión ante el Tribunal Superior, que modificó la resolución administrativa a los únicos fines de ordenar el pago adicional de los diez días transcurridos entre la fecha de la vista y el dictamen de la Junta. Para revisar la sentencia dictada expedimos auto de certiorari.

La única cuestión que se plantea se refiere a la facultad de la Junta de Personal para limitar el pago de los sueldos debido a que el empleado ha solicitado posposiciones de la audiencia, prolongando así el período de su cesantía.

La sección 31 de la Ley de Personal, Ley Núm. 345 de 12 de mayo de 1947 (Leyes, pág. 595, 3 L.P.R.A. sec. 671) en la parte pertinente lee como sigue:

"Si la decisión de la Junta fuere favorable al funcionario o empleado querellado, la autoridad nominadora le restituirá a su puesto, teniendo dicha restitución carácter retroactivo a la fecha en que el querellado hubiere sido destituído. La Junta autori-

zará *el pago total o parcial* que habría correspondido al empleado o funcionario restituído a partir de la fecha en que fue destituído por la autoridad nominadora, o que se considere dicho tiempo como una suspensión de empleo y sueldo, o podrá recomendar cualquier otra penalidad razonable dentro de las disposiciones de esta ley . . ."

La lectura del precepto citado [1] indica que en casos de destitución la Junta de Personal puede adoptar cualesquiera de las siguientes acciones: 1) confirmar la destitución; 2) ordenar la restitución; 3) revocar la destitución pero disponiendo una suspensión de empleo y sueldo porque la falta cometida no amerita el rigor de una destitución; 4) imponer cualquier otra penalidad procedente. Esto explica por qué la ley faculta a la Junta para autorizar el pago total de los haberes que hubiere devengado el empleado—cuando revoca la destitución—o el pago parcial—cuando ha impuesto una suspensión de empleo y sueldo por un término menor que el de la cesantía. El estatuto no autoriza a privar parcialmente de los sueldos cuando se ordena la restitución del empleado. Precisamente el propósito de ordenar el pago de los sueldos es restituir al empleado por los beneficios que dejó de percibir por la actuación injustificada de la autoridad nominadora. [2]

Comprendemos que mediante la solicitud de posposiciones puede perjudicarse el erario público por la prolongación de la cesantía. Sin embargo, la solución está en las manos de la propia Junta que no debe acceder a las suspensiones.

*Se revoca la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 14 de julio de 1959, y se ordena que se*

---

[1] Las disposiciones de la legislación anterior no arrojan luz alguna sobre el problema envuelto en el presente caso. Véanse, la sección 5 de la Ley de 14 de marzo de 1907 (Leyes, pág. 171, 173) y la sección 28 de la Ley Núm. 88 de 11 de mayo de 1931 (Leyes, págs. 533, 557).

[2] Como de los autos no surge que el recurrente percibiera ingresos por otros conceptos durante el período de su cesantía, no es necesario discutir ahora sobre la facultad de la Junta de Personal para reducir por este motivo los sueldos dejados de percibir. Véase, Anotación, 150 A.L.R. 100 (1944).

*satisfagan los sueldos al peticionario por todo el término comprendido entre la fecha de la destitución y la de la resolución de restitución.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.

(Fdo.) LUIS NEGRÓN FERNÁNDEZ,
*Juez Presidente*

Certifico:

IGNACIO RIVERA,
*Secretario*