MUNICIPIO DE COAMO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE PONCE, HON. JOSÉ ANDREU GARCÍA, JUEZ, demandado; LETICIA RAMOS DE APONTE, interventora.

*Número:* O-70-158      *Resuelto:* 11 de mayo de 1971

*Enrique Corchado Juarbe,* abogado del peticionario; *H. Febus Bernardini,* abogado de la interventora.

EL JUEZ ASOCIADO SEÑOR MARTÍNEZ MUÑOZ emitió la opinión del Tribunal.

El punto en controversia es si constituye fraude al tribunal, que puede ser alegado en moción de relevo de sentencia fuera del término de seis meses que fija la Regla 49.2 de Procedimiento Civil, el hecho de que una parte que reclama sueldos dejados de percibir de un municipio que la despidió ilegalmente declare en el juicio no haber recibido sueldos de ninguna otra fuente durante parte de ese período cuando lo cierto es que durante ese tiempo se encontraba empleada por el Gobierno de Puerto Rico.

Leticia Ramos de Aponte inició el 1ro. de octubre de 1966 una petición de *mandamus* ante el Tribunal Superior de Puerto Rico, Sala de Ponce, contra el Municipio de Coamo, solicitando la reposición en su antiguo cargo de Tesorera-Directora Escolar del Municipio de Coamo y reclamando el sueldo que alegaba tener derecho a recibir por haber sido despedida ilegalmente.

Después de varios años y un lento procedimiento, incluyendo un recurso ante este Tribunal,[1] el tribunal de instancia dictó sentencia contra el Municipio de Coamo el 3 de marzo de 1969. En dicha fecha fue registrada, archivada y notificada a las partes. La sentencia condenó al Municipio de Coamo a pagar los sueldos dejados de percibir por la Señora Ramos de Aponte con motivo de su despido ilegal a partir del 15 de agosto de 1966 en adelante hasta el 13 de enero de 1969. En la vista del caso la demandante declaró no haber recibido sueldos de ninguna otra fuente durante el período por el cual reclamaba. El Tribunal declaró sin lugar la petición de *mandamus* por ser académica, por haber terminado la incumbencia de la administración municipal desde el 13 de enero de 1969.

---

[1] Véase el Caso Núm. R-67-27 (*Ramos de Aponte* v. *Rivera Ortiz, Alcalde del Municipio de Coamo*).

El Municipio de Coamo recurrió ante este Tribunal en solicitud de revisión. (²) El 25 de febrero de 1970 declaramos "no ha lugar" a la solicitud y de igual manera, en 8 de abril de 1970, dispusimos de una moción de reconsideración.

Remitido el mandato, el municipio radicó ante el tribunal de instancia en 1ro. de mayo de 1970 una moción bajo la Regla 49.2 de Procedimiento Civil solicitando ser relevado de los efectos de la sentencia. Había transcurrido más de un año de dictada y notificada la sentencia.

En la moción de relevo alegó el municipio que la demandante cometió fraude al tribunal declarando en juicio no haber recibido sueldos de ningún tipo durante el período en que estuvo despedida ilegalmente cuando en realidad le constaba haber recibido ingresos por otros empleos que ocupó en agencias del gobierno durante gran parte del mismo período de tiempo reclamado.

Alega el Municipio de Coamo que existe un impedimento legal para que pueda hacerse efectivo el pago de la compensación a la Señora Ramos; que el Art. VI, Sec. 10, de la Constitución del Estado Libre Asociado y el Art. 177 del Código Político de Puerto Rico prohíben el pago ordenado en la sentencia del Tribunal Superior.

La Señora Ramos se opuso. Alegó que la moción era tardía y que el Tribunal carecía de jurisdicción por haber pasado más de los seis meses que se establecen como máximo para radicar mociones bajo la Regla 49.2 de Procedimiento Civil.

El Tribunal Superior celebró una vista sobre ambas mociones. Para los únicos fines de considerar la cuestión de jurisdicción planteada, se aceptó en evidencia una carta del Departamento de Salud, Distrito de Salud Sur en la que se informa que la Señora Ramos de Aponte ocupó la posición de Oficinista Dactilógrafo I en el Programa Cuidado Materno

---

(²) Véase el Caso Núm. R-69-89 (*Ramos de Aponte* v. *Rivera Ortiz, Alcalde del Municipio de Coamo*).

Infantil en Ponce desde el 11 de septiembre de 1967 hasta el 9 de marzo de 1969, devengando un sueldo de $200.00 mensuales.

El 30 de junio de 1970 el Tribunal Superior declaró sin lugar la moción de relevo de sentencia.

■ Entendemos que el Tribunal Superior actuó correctamente al declarar sin lugar la moción de relevo de sentencia. La Regla 49.2 (³) trata de armonizar el interés de que los

---

(³) Dispone dicha Regla:

"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) Nulidad de la sentencia;

(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, ola sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

"Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. *Esta regla no limita el poder del tribunal para* (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) *dejar sin efecto una sentencia por motivo de fraude al tribunal.*

"Mientras esté pendiente una apelación de una sentencia, el tribunal apelado no podrá conceder ningún remedio bajo esta Regla 49.2, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta Regla 49.2 que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos

casos sean decididos en sus méritos y que se haga justicia frente al interés de que los pleitos tengan fin, concediendo a la parte contra la cual se dicta sentencia la oportunidad para pedir se le releve de sus efectos dentro de un término de seis meses después de notificada en aquellos casos que allí se establecen. En el caso de *Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 864, 867 (1965), este Tribunal sostuvo que:

"Con relación al término de seis meses provisto en la anterior Regla 60 [Regla 49.2], hemos sostenido consistentemente que el mismo es fatal."

En igual sentido, véanse: *Sucn. Rosario* v. *Sucn. Cortijo*, 83 D.P.R. 678 (1961); *Banco Popular* v. *Tribunal Superior*, 82 D.P.R. 242 (1961); *Pueblo* v. *632 Metros Cuadrados de Terreno*, 74 D.P.R. 961 (1953); *Great American Insurance Co.* v. *Corte*, 67 D.P.R. 564 (1947). Véanse también 7 Moore *Federal Practice*, sec. 60.28[2], (págs. 316–325); y 3 Barron and Holtzoff (Wright revision) *Federal Practice and Procedure*, sec. 1330 (págs. 420–427).

■ La Regla fija un término de seis meses para radicar la moción contados a partir de "haberse registrado la sentencia. . . ." El hecho de que durante parte de ese término el caso estuviese pendiente de consideración en un procedimiento de revisión o apelación, no interrumpe el término mencionado. Comentando la Regla 60(b) de las Reglas de Procedimiento Federal, Moore sostiene que ". . . una apelación entablada contra una sentencia final no amplía el período dentro del cual debe solicitarse un remedio. . . ." 7 Moore *Federal Practice*, sec. 60.30[1] (pág. 334). El Tribunal Federal de Apelaciones Para el Primer Circuito sostiene el mismo criterio. *Nyyssonen* v. *Bendix Corp.*, 356 F.2d

---

casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado, y si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación en solicitud del referido permiso." (Énfasis nuestro.)

193, 193–194 (1966). Esto es así en nuestra jurisdicción, con mayor razón, ya que nuestra Regla, distinta a la federal, expresamente permite la radicación de la moción de relevo, aun en casos pendientes de apelación, siempre que medie el permiso del tribunal de apelación, así como la determinación del tribunal apelado de que estaría dispuesto a conceder el remedio y la moción se presente ante el tribunal apelado dentro del término señalado.

■ La Regla 49.2 no limita la facultad de relevar a una parte de los efectos de una sentencia ". . . [c] por motivo de fraude al tribunal." En *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358, 370 (1961), al interpretar la cláusula mencionada señalamos que:

". . . el período de seis meses no limita una solicitud bajo esta regla para que se releve de los efectos de una sentencia por fraude al tribunal. . . ."

Véanse *Sucn. Rosario* v. *Sucn. Cortijo*, supra, y *Calderón Molina* v. *Federal Land Bank*, 89 D.P.R. 704 (1963).

El municipio alega que la demandante cometió fraude al tribunal por lo que el período de seis meses no es aplicable. El fraude alegado radica en haber dejado de informar al tribunal que durante parte del tiempo cubierto por la reclamación por "salarios" dejados de percibir debido al despido ilegal, se encontraba empleada por otras agencias del gobierno. Se alega como base de la moción el Art. 177 del Código Político de Puerto Rico, 3 L.P.R.A. sec. 551([4]) y el Art. VI,

---

([4]) Este artículo lee así:

"Ningún funcionario o empleado que esté regularmente empleado en el servicio del Gobierno Estadual, o de cualquier municipio, u organismo que dependa del Gobierno, cuyo salario, haber o estipendio sea fijado de acuerdo con la ley, recibirá paga adicional, o compensación extraordinaria de ninguna especie, del Gobierno Estadual, o de cualquier municipio, junta, comisión u organismo que dependa del Gobierno, en ninguna forma, *por servicio personal u oficial de cualquier género*, aunque sea prestado en adición a las funciones ordinarias de dicho funcionario o empleado, a menos que la referida paga adicional o compensación extraordinaria esté expresamente autorizada por la ley, y conste expresamente en la correspondiente

Sec. 10 de la Constitución que dispone:

"Ninguna persona podrá percibir sueldo por más de un cargo o empleo en el Gobierno de Puerto Rico."

▅▅▅ La Regla 49.2 contempla dos clases de fraude. Los distingue estableciendo que en el caso de fraude entre partes la moción de relevo debe ser presentada dentro del término de seis meses. En los casos de fraude al tribunal puede éste dejar sin efecto la sentencia sin limitación de tiempo alguno. La distinción entre los dos tipos de fraude la hace Moore de la siguiente forma:

"Fraude al tribunal, creemos, debe cubrir sólo aquellos tipos de fraude cuyo efecto o cuya intención es mancillar al tribunal como tal, o que es fraude perpetrado por oficiales del tribunal, de tal forma que la maquinaria judicial no pueda ejercer como de costumbre su imparcial labor de juzgar los casos que se le presentan para adjudicación. Fraude *inter partes,* sin más, no ha de considerarse fraude al tribunal, sino que el remedio se dejará para una moción presentada bajo la Regla 60(b)(3) o a acción independiente." 7 Moore *Federal Practice* (págs. 512–513).

Nuestra jurisprudencia ha reconocido que constituye *fraude al tribunal* "la preparación, el uso y la presentación en la vista del caso de prueba falsa obtenida por la parte adversa por medio del soborno y la instigación al perjurio. . . ." *Martínez* v. *Tribunal,* supra. Y en *Calderón Molina* v. *Federal Land Bank,* (supra, págs. 708–709) utilizó la

asignación que ésta se destina a dicha paga adicional o compensación extraordinaria; Disponiéndose, sin embargo, que nada de lo aquí provisto tendrá aplicación a los médicos y practicantes que presten sus servicios en las cárceles de distrito y establecimientos sanitarios y benéficos a cargo del Estado Libre Asociado de Puerto Rico, los cuales podrán percibir, en lo que respecta a médicos, una remuneración adicional por este concepto que no exceda del cincuenta (50) por ciento del sueldo principal que disfrutaren como empleados del Estado Libre Asociado de Puerto Rico o de cualquier municipalidad del Estado Libre Asociado; y Disponiéndose, además, que nada de lo contenido en esta sección se interpretará en el sentido de que afecte o modifique cualesquiera disposiciones de leyes vigentes en que se ordene la suspensión, total o parcial, de los preceptos de esta sección." (Énfasis suplido.)

regla de fraude al tribunal en un caso en que nunca se emplazó debidamente a la parte contra la cual se dictó la sentencia. (⁵)

En el presente caso se invoca una norma constitucional alegadamente violada como base a la moción de relevo. Sin que anticipemos criterio cabe la posibilidad que cuando en realidad, en un caso apropiado, esté envuelto un precepto constitucional y que existe un interés público mancillado que va más allá del interés privado de las partes en un pleito, los tribunales puedan darle curso a la impugnación de sus fallos sin que estén sujetos a ningún término.

■ El de autos no es ese tipo de caso. Aquí el tribunal sentenciador condenó al Municipio de Coamo al pago de los sueldos dejados de percibir por la demandante con motivo del despido ilegal. Es el despido ilegal la base de la sentencia. El remedio no constituye una remuneración por *servicios prestados* y sí una *indemnización* en dinero tradicionalmente concedida en estos casos. El sueldo es sólo la base de la indemnización, la medida para computarla.

■ El Art. VI, Sec. 10, de la Constitución al disponer que "Ninguna persona podrá recibir sueldo por más de un cargo o empleo en el Gobierno de Puerto Rico" tiene como propósito impedir que una misma persona ocupe al mismo tiempo dos cargos o empleos en el gobierno y reciba dos sueldos en virtud de dichos cargos o empleos. El propósito no es prohibir todo tipo de compensación adicional al sueldo de los funcionarios o empleados de gobierno. *Diario de Sesiones de la Convención Constituyente de Puerto Rico*, Tomo 2, pág. 932; Tomo 3, págs. 1973–1975.

---

(⁵) A nuestro juicio era innecesario utilizar la regla de fraude al tribunal en el caso citado, ya que la Regla 49.2 dispone que el tribunal tiene facultad, sin estar limitado por el término de seis meses, para ". . . (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada."

En el presente caso la Señora Ramos no ocupó dos cargos o empleos con sueldo por el mismo período de tiempo. Su derecho a compensación en la forma que se computó surge del despido ilegal de que fuera objeto sin que el derecho a ello quede afectado por el hecho de que trabajara y devengara un sueldo durante parte del período de la cesantía ilegal. (6) *Torres Cartagena* v. *Srio. de Instrucción*, 94 D.P.R. 690 (1967); *Soto Bosque* v. *Junta de Personal*, 85 D.P.R. 814 (1962). Como se dice en *Torres Cartagena*, (pág. 694):

"El derecho a recibir el sueldo completo es la garantía que tiene el maestro para evitar que se le formulen cargos arbitrariamente. La mera formulación afecta la reputación de una persona. El legislador quiso proteger al maestro de esta posibilidad. Por otro lado el maestro necesita de un ingreso para poder sufragar los gastos de su subsistir. No puede pretenderse que se cruce de brazos a esperar el resultado final de los cargos que se le formulan. Ciertamente se destruiría la garantía que pagar el sueldo completo conlleva, si estableciéramos como regla que se descontaran los ingresos que obtuviera el maestro mientras estuvo suspendido ilegalmente."

En *Torres Cartagena* la querellante devengó un sueldo en un empleo con una empresa privada durante el período de suspensión. En el de autos el empleo que ocupó la Sra. Ramos durante su despido ilegal fue en el Gobierno. No vemos diferencia en ese hecho. El remedio en estos casos tiene un propósito que va más allá del interés de indemnizar a la víctima. Sirve, además, como un freno para evitar los despidos ilegales y la perturbación que ello puede ocasionar a una sana administración pública. No se logra ese pro-

---

(6) El Art. 177 del Código Político, 3 L.P.R.A. sec. 551, prohíbe cualquier tipo de compensación extraordinaria a funcionarios o empleados del Gobierno "por servicio personal u oficial de cualquier género." Este precepto no es aplicable en este caso; no se trata de compensación extraordinaria por *servicios prestados*, sino de servicios que *no* fueron prestados, y que no lo fueron por razón del despido ilegal.

pósito negándole acceso al servicio público a aquellas víctimas del despido ilegal.

*Se dictará sentencia anulando el auto expedido, confirmándose la Resolución objeto del recurso.*