Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| OBED MORALES COLÓN<br><br>Recurrente<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS<br><br>Recurrida | TA2025RA00147 | *REVISIÓN ADMINISTRATIVA*<br><br>Caso núm.: OA23068<br><br>Sobre: Autoridad de Acueductos y Alcantarillados |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Juez Aldebol Mora y el Juez Robles Adorno.[1]

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de septiembre de 2025.

El 13 de agosto de 2025, el señor Obed Morales Colón (el señor Morales Colón o el recurrente) presentó ante nos una *Petición de Revisión Administrativa* en la que solicitó que revoquemos la *Resolución* emitida el 30 de junio de 2025, notificada el 1 de julio de 2025, por la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados (Oficina de Apelaciones o parte recurrida).[2] En el aludido dictamen, luego de atendidas las mociones presentadas por las partes, la Oficina de Apelaciones declaró No Ha Lugar a la *Solicitud en relevo de resolución* instada por el recurrente.

Por los fundamentos que expondremos a continuación, confirmamos la *Resolución* recurrida.

**I.**

El caso de autos tiene su inicio cuando el 5 de diciembre de 2024, el señor Morales Colón presentó una *Solicitud en relevo de Resolución* en la que solicitó que la Oficina de Apelaciones lo releve de los efectos de la *Resolución* emitida el 21 de agosto de 2023 por

---

[1] Véase OATA-2025-170 del 3 de septiembre de 2025 en la que se designa al Juez Robles Adorno en sustitución del Juez Salgado Schwarz.

[2] Apéndice de la Petición de Revisión Administrativa, págs. 14-16.

la Oficina de Apelaciones en la que determinó que carecía de jurisdicción para atender la implementación de la escala salarial.[3]

El recurrente alegó que, el 4 de agosto de 2022, la parte recurrida le notificó sobre la aprobación de la Resolución Núm. 3302 del 24 de junio de 2022, la cual versaba acerca de los nuevos ajustes salariales sobre los puestos ubicados dentro del servicio de carrera gerencial.[4] Al respecto, el señor Morales Colón radicó una reconsideración ante el Comité de Revisión de la Autoridad de Acueductos y Alcantarillados en la que cuestionó la forma en que fue implementada la escala salarial tras violentar el contrato de empleo.[5]

Así pues, el 9 de junio de 2023, la Oficina de Recursos Humanos emitió una comunicación en la que reafirmó la metodología utilizada para la implementación de la escala salarial aprobada. A su vez, informó que, de un empleado estar inconforme, tenía derecho a presentar un recurso ante la Oficina de Apelaciones.[6]

El 21 de agosto de 2023, la Oficina de Apelaciones emitió una *Resolución* en la que notificó que consolidó diversas apelaciones presentadas por varios empleados con respecto a la impugnación de la escala salarial, entre ellos la *Apelación* del recurrente.[7] Es menester señalar que, el señor Morales Colón instó un recurso de apelación ante la Oficina de Apelaciones, de manera individual.[8]

Por otro lado, la Oficina de Apelaciones concluyó que carecía de jurisdicción para atender las apelaciones presentadas tras ser un asunto que le correspondía atender a la Junta de Directores de la Autoridad de Acueductos y Alcantarillados. Insatisfecho, el señor

---

[3] *Íd.*, pág. 32.
[4] *Íd.*, pág. 32.
[5] *Íd.*
[6] *Íd.*
[7] *Íd.*
[8] *Véase* Apéndice del recurso de apelación.

Morales Colón presentó un recurso de reconsideración ante la Oficina de Apelaciones en la que solicitó la desconsolidación de su caso.[9]

El 27 de septiembre de 2023, la Oficina de Apelaciones emitió varias resoluciones individuales, dirigidas en nombre de cada empleado que presentó una *Apelación*, en la que desconsolidó los casos, entre estos el del recurrente.[10]

El 8 de noviembre de 2023, notificada el 10 de noviembre de 2023, la parte recurrida declaró No Ha Lugar la reconsideración.[11]

Luego, el señor Morales Colón y otros empleados de la Autoridad de Acueductos y Alcantarillados presentaron ante nos un recurso de *Revisión Judicial* en el que impugnaron la *Resolución* en controversia.[12]

El 7 de mayo de 2024, este Tribunal de Apelaciones emitió una *Sentencia* en la que desestimó por falta de jurisdicción el recurso de *Revisión Judicial* instado por el señor Morales Colón y otros empleados de la Autoridad de Acueductos y Alcantarillados.[13] Este Tribunal resolvió que el señor Morales Colón presentó de forma individual un recurso de apelación ante la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados en aras de cuestionar la escala salarial aprobada. De igual manera, la Oficina de Apelaciones emitió una *Resolución* en la que resolvió de manera separada el recurso interpuesto por el recurrente.

En esa línea, el panel hermano determinó que el recurrente compareció, en unión con otros empleados, mediante un solo recurso de Revisión Judicial. [14] En dicho recurso de Revisión Judicial se solicitó la revisión de cuatro (4) resoluciones dictadas por

---

[9] Apéndice de la Petición de Revisión Administrativa, págs. 32-33.
[10] *Íd.*, págs. 5-7.
[11] *Íd.*, pág. 33.
[12] *Íd.*, pág. 33; *Íd.*, págs. 36-63.
[13] *Íd.*, págs. 57-63.
[14] *Íd.*, págs. 58-60.

la Oficina de Apelaciones con relación a diferentes empleados, incluyendo al recurrente. Así pues, este Tribunal de Apelaciones resolvió que carecía de jurisdicción para atender el mencionado recurso de Revisión Judicial dado que el derecho a apelar no surge de una misma determinación. Asimismo, el recurrente y los demás empleados no cumplieron con la obligación de apelar los dictámenes de forma separada, de manera que incumplieron en cancelar los aranceles correspondientes a cada recurso de Revisión Judicial.

En desacuerdo, el 5 de diciembre de 2024, el recurrente presentó ante la Oficina de Apelaciones una *Solicitud en relevo de Resolución* para que el mencionado organismo administrativo lo releve de los efectos de la *Resolución* emitida el 21 de agosto de 2023. El señor Morales Colón argumentó que procedía el relevo tras este Tribunal de Apelaciones resolver, en un recurso previamente presentado ante esta Curia[15], que la Oficina de Apelaciones tenía jurisdicción para atender la impugnación de la escala salarial.[16]

El 27 de diciembre de 2024, la Autoridad de Acueductos y Alcantarillados instó una *Oposición a "solicitud en relevo de resolución"* en la que argumentó que el recurrente presentó tardíamente la *Solicitud en relevo de resolución.*[17] Alegó que, a partir de la *Resolución* emitida por la Oficina de Apelaciones, transcurrieron más de seis (6) meses.[18] Ante ello, la Autoridad de Acueductos y Alcantarillados alegó que la solicitud de relevo presentada por el señor Colón Morales no cumplió con los criterios de la Regla 49.2 de Procedimiento Civil, 32 LPRA, Ap. V, R. 49.2 y, por tanto, la Oficina de Apelaciones no podía conceder el relevo de resolución peticionado por el recurrente.[19]

---

[15] KLRA202300636 cons. KLR2A02300638 cons. KLRA202300647.
[16] *Íd.*, pág. 35.
[17] *Íd.*, pág. 19.
[18] *Íd.*
[19] *Íd.*, pág. 24.

El 10 de junio de 2025, el recurrente instó una *Moción en solicitud de Resolución* en la que argumentó que han transcurrido más de seis (6) meses desde que presentara su solicitud de relevo de la resolución.[20]

Así las cosas, el 30 de junio de 2025, notificada el 1 de julio de 2025, la Oficina de Apelaciones emitió una *Resolución* en la que declaró No Ha Lugar la *Solicitud de relevo de resolución* presentada por el recurrente toda vez que fue instada fuera del término establecido en la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2.[21]

En desacuerdo, el 2 de julio de 2025, el señor Morales Colón incoó una *Moción en reconsideración* en la que adujo que, este Tribunal de Apelaciones revocó la *Resolución* emitida el 21 de agosto de 2023 por la Oficina de Apelaciones y, por consiguiente, dicha *Resolución* era nula.[22] Consecuentemente, argumentó que, al relevo de un dictamen declarado nulo, no le es de aplicación el término dispuesto en la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2. Por ende, la Oficina de Apelaciones debió conceder el relevo de resolución solicitado.

Transcurrido el término para el organismo administrativo atender la *Moción en reconsideración*, el 13 de julio de 2025, el recurrente compareció ante nos mediante una *Petición de Revisión Administrativa* en la que formuló el siguiente señalamiento de error:

> Erró la Oficina de Apelaciones de la AAA al negarse a dejar sin efecto una resolución en la cual se declaraba sin jurisdicción para atender el reclamo relacionado con las escalas salariales, resolución que a su vez violenta el derecho del peticionario a un debido proceso de ley.

En atención a nuestra *Resolución*, el 19 de septiembre de 2025, la parte recurrida radicó una oposición.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el caso en sus méritos.

---

[20] *Íd.*, pág. 17.
[21] *Véase Resolución* recurrida.
[22] Apéndice de la Petición de Revisión Administrativa, págs. 1-2.

## II.

## A.

Los organismos administrativos merecen la mayor deferencia posible de los tribunales. *Otero* v. *Toyota,* 163 DPR 716, 727 (2005). Tal deferencia se apoya en que las agencias administrativas tienen conocimiento experto y la experiencia especializada de los asuntos que le son encomendados. *Otero* v. *Toyota, supra,* pág. 728. Un principio establecido es que las determinaciones de las agencias administrativas tienen una presunción de legalidad y corrección en la que no deben intervenir los tribunales. *Rebollo* v. *Yiyi Motors,* 161 DPR 69, 78 (2004). Las determinaciones de hecho de las agencias tienen a su favor una "presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas." *Henríquez v. Consejo Educación Superior,* 120 DPR 194, 210 (1987). Nuestro Tribunal Supremo ha expresado que los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo "si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad". *Otero Mercado v. Toyota de P.R. Corp.,* 163 DPR 716, 727-728 (2005); *Domingo v. Caguas Expressway Motors,* 148 DPR 387, 397 (1999). Las determinaciones de hecho serán sostenidas por el tribunal, si se basan en evidencia sustancial que no obra en el expediente administrativo. *Vázquez v. Consejo de Titulares,* 216 DPR ___ (2025), 2025 TSPR 56. Ejercitando un criterio de razonabilidad y deferencia, los tribunales no deben intervenir o alterar las determinaciones de hecho realizadas por una agencia si están sostenidas por evidencia sustancial que surge del expediente. *Otero* v. *Toyota, supra,* pág. 728. El máximo foro judicial ha definido evidencia sustancial como aquella "que una mente razonable podría aceptar como adecuada para sostener una

conclusión". *Otero* v. *Toyota, supra,* pág. 728; *Ramírez v. Depto. de Salud,* 147 DPR 901, 905 (1999). La parte que impugne una determinación de hecho de una agencia debe convencer al foro apelativo que la determinación no fue basada en evidencia sustancial. *Otero v. Toyota, supra,* pág. 728. Para rebatir la determinación que cuestiona, debe demostrar que existe otra evidencia en el expediente que reduzca el valor probatorio. *Otero* v. *Toyota, supra,* pág. 728. Si la parte no demuestra en la revisión judicial otra evidencia sustancial que sostenga la determinación de la agencia, entonces no se alterará la determinación de la agencia. *Otero* v. *Toyota, supra,* pág. 728. La parte que alegue ausencia de evidencia sustancial debe demostrar que existe:

> "[O]tra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial [...] hasta el punto de que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba" que tuvo ante su consideración. *Metropolitan S.E. v. A.R.P.E.,* 138 DPR 200, 213 (1995) citando a *Hilton Hotels v. Junta de Salario Mínimo,* 74 DPR 670, 686 (1983).

El máximo foro judicial ha definido evidencia sustancial como aquella "que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero* v. *Toyota, supra,* pág. 728; *Ramírez v. Depto. de Salud,* 147 DPR 901, 905 (1999). La parte que impugne una determinación de hecho de una agencia debe convencer al foro apelativo que la determinación no fue basada en evidencia sustancial. *Otero v. Toyota, supra,* pág. 728. Para rebatir la determinación que cuestiona, debe demostrar que existe otra evidencia en el expediente que reduzca el valor probatorio. *Otero* v. *Toyota, supra,* pág. 728. Si la parte no demuestra en la revisión judicial otra evidencia sustancial que

sostenga la determinación de la agencia, entonces no se alterará la determinación de la agencia. *Otero* v. *Toyota, supra,* pág. 728.

Por otro lado, respecto a las conclusiones de derecho, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, señala que éstas pueden ser revisadas en todos sus aspectos. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Las conclusiones de derecho serán revisables en todos sus aspectos por un tribunal. *Vázquez v. Consejo de Titulares, supra.* La interpretación de la ley es una tarea que le corresponde a los tribunales y como corolario, los tribunales deben revisar las conclusiones de derecho en todos sus aspectos. *Vázquez v. Consejo de Titulares, supra.* Ello, como mecanismo interpretativo del poder judicial. *Íd.* Ahora bien, lo anterior "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia". *Otero v. Toyota,* supra, pág. 729. Consecuentemente, cuando un tribunal llega a un resultado distinto al de la agencia, éste debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea por la pericia, por consideraciones de política pública o en la apreciación de la prueba. *Íd.* Dicho de otro modo, "[e]l tribunal podrá sustituir el criterio de la agencia por el propio solo cuando no pueda hallar una base racional para explicar la decisión administrativa". *Íd.*

No obstante, la deferencia reconocida a la decisión de una agencia administrativa cede en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. Si el tribunal no se encuentra ante alguna de estas situaciones, aunque exista más de una interpretación razonable de los hechos, debe sostener la que seleccionó la agencia encargada. *Otero* v. *Toyota,* 163 DPR

716, 730 (2005). Al ejercer la función revisora, el tribunal está obligado a considerar la especialización y experiencia de la agencia sobre las cuestiones que tuvo ante sí. *Rebollo* v. *Yiyi Motors*, 161 DPR 69, 78 (2004). Por otro lado, las determinaciones de derecho, el tribunal tiene amplia autonomía para revisarlas en todos sus aspectos. *Rebollo* v. *Yiyi Motors, supra,* pág. 77.

**B.**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece que un relevo de sentencia puede solicitarse cuando esté presente uno de los fundamentos expuestos. *García Colón v. Sucn. González*, 178 DPR 527, 539 (2010); citando a: *De Jesús Viñas v. González Lugo*, 170 D.P.R. 499, 513 (2007); *Náter v. Ramos*, 162 D.P.R. 616, 624 (2004). La regla provee un mecanismo post sentencia para impedir que se vean frustrados a los fines de la justicia mediante tecnicismos y sofisticaciones. La Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, permite el relevo de sentencia en las siguientes circunstancias:

> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Este precepto procesal civil tiene como fin establecer el justo balance de dos principios cardinales en nuestro ordenamiento jurídico. *García Colón v. Sucn. González, supra,* pág. 540. Uno de los principios es, el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial. Por otro lado, que los litigios lleguen a su fin. *Náter v. Ramos, supra*; *Municipio de Coamo v. Tribunal Superior*, 99 D.P.R. 932, 936–937 (1971). La Regla 49.2 de

Procedimiento Civil, *supra*, R. 49.2, debe interpretarse liberalmente y "cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos". *García Colón v. Sucn. González, supra,* pág. 541. Empero, dicha regla no constituye una "llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración". *Negrón Rivera y Bonilla, Ex parte,* 120 D.P.R. 61, 73 (1987*); Ríos v. Tribunal Superior,* 102 D.P.R. 793, 794 (1974). La parte que solicita el relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla. *García Colón v. Sucn. González, supra,* pág. 540*; Reyes v. ELA et al.*, 155 D.P.R. 799, 809 (2001). El tribunal debe determinar si dentro de las circunstancias específicas del caso existen razones que justifiquen tal concesión. *Olmeda Nazario v. Sueiro Jiménez,* 123 D.P.R. 294, 299 (1989). Si la parte presenta una buena defensa, cumple con una de las circunstancias de la citada regla y el relevo no causa un perjuicio, debe concederse. *García Colón v. Sucn. González, supra,* pág. 541.

Por otro lado, en caso de que una parte solicite el remedio provisto por el inciso (1) se debe indicar los hechos y causas específicas que constituyen la justificación de la omisión. *Íd.* El promovente debe demostrar los hechos que justifican la concesión de la moción. *Íd.* La moción de relevo de sentencia debe presentarse dentro del término razonable de seis (6) meses. *Piazza v. Isla del Río, Inc.,* 158 D.P.R. 440, 449 (2003). Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237, 243 (1996). Por otro lado, el inciso (4) de la mencionada regla permite al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determina su nulidad. *García Colón v. Sucn. González, supra,* pág. 543. Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando se

ha quebrantado el debido proceso de ley. *Figueroa v. Banco de San Juan,* 108 D.P.R. 680, 688 (1979); *García Colón v. Sucn. González, supra,* pág. 543. En caso de que una sentencia sea nula, tiene que dejarse sin efecto sin importar los méritos que pueda tener la defensa o la reclamación de la parte perjudicada. *García Colón v. Sucn. González, supra*, pág. 544.

**III.**

En el caso de epígrafe, el recurrente argumentó que la Oficina de Apelaciones le violentó su debido proceso de ley dado que no lo relevó de los efectos de la *Resolución* emitida por dicho organismo administrativo. Ello, tras este Tribunal de Apelaciones haber resuelto que la Oficina de Apelaciones tenía jurisdicción para atender la controversia relacionada a la implementación de la escala salarial.

Conforme las normas jurídicas pormenorizadas, es sabido que, los foros judiciales concedemos deferencia a las determinaciones de hecho de las agencias administrativas debido al conocimiento especializado que estas poseen. Sin embargo, nuestro Tribunal Supremo recientemente ratificó que los foros judiciales deben ejercer su función interpretativa en cuanto a las conclusiones de derecho. *Vázquez v. Consejo de Titulares, supra.*

Así las cosas, tras un análisis cuidadoso del expediente, resolvemos que la Oficina de Apelaciones no incidió en el error señalado conforme a derecho. En primer lugar, el 7 de mayo de 2024, este Tribunal de Apelaciones emitió una *Sentencia*[23] en la que resolvió que la Oficina de Apelaciones tenía jurisdicción para atender la implementación de la escala salarial aprobada en la Resolución Núm. 3302 del 24 de junio de 2022. Empero, esta Curia no determinó que la *Resolución* emitida por la Oficina de Apelaciones

---

[23] KLRA202300636 cons. KLRA202300638 cons. KLRA202300647.

era nula. Por ende, atisbamos que no es nula la *Resolución* recurrida.

Ahora bien, en segundo lugar, atisbamos que al recurrente le es de aplicación el término de seis (6) meses establecidos en la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, dado que la *Resolución* recurrida no es nula. Así pues, la moción de relevo presentada por el recurrente fue posterior al término de seis (6) meses dispuestos en la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2. Ello, toda vez que dicho término comenzó a decursar el 10 de noviembre de 2023, cuando la Oficina de Apelaciones emitió una *Resolución* en la que notificó que declaró No Ha Lugar la reconsideración instada por el recurrente. Consecuentemente, a partir de dicha notificación el recurrente tenía seis (6) meses para instar el relevo de resolución. Sin embargo, el señor Morales Colón no instó el relevo en cuestión dentro del término estatutario. Además, destacamos que el señor Morales Colón no expuso los argumentos necesarios para cumplir con los elementos requeridos en la mencionada regla para que le concediéramos el remedio solicitado ante nos.

A tenor con lo anterior, resolvemos que no procede el relevo de resolución solicitado por el señor Morales Colón toda vez que fue presentado posterior al término previamente citado.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Resolución* recurrida.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones