ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EDWIN T. CRUZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR JACQUELINE M. BIASCOECHEA, JACQUELINE M. BIEASCOECHEA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR EDWIN T. CRUZ<br><br>Parte Recurrida<br><br>v.<br><br>OUTSITE, INC.<br><br>Parte Peticionaria | TA2026CE00416 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan (506)<br><br>Caso núm.: SJ2025CV10084<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2026.

El 7 de abril de 2026, sin someterse a la jurisdicción, Outsite, Inc., (Outsite o la parte peticionaria) presentó ante nos una *Petición de Certiorari* en la que solicitó que revoquemos la *Resolución* emitida y notificada el 31 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario).[1]

En el aludido dictamen, luego de evaluar las posturas de ambas partes, se declaró No Ha Lugar una *Moción de relevo de sentencia por nulidad en el emplazamiento y falta de jurisdicción* interpuesta por la parte peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

---

[1] Entrada núm. 31 del caso núm. SJ2025CV10084 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

**I.**

El caso de autos tiene su origen el 4 de noviembre de 2025, cuando el señor Edwin Cruz, Jacqueline Biascoechea y la Sociedad legal de bienes gananciales que ambos componen, (la parte recurrida) presentaron una *Demanda* en la que sostuvieron que, son dueños de una propiedad conocida como Tres Palmas Inn.[2] La parte recurrida alegó que, el 8 de marzo de 2022, suscribió un contrato de arrendamiento comercial por un término de cinco (5) años. Empero, a partir del 18 de septiembre de 2025, la deuda en concepto de cánones de arrendamiento ascendía a $8,043.97. Ante ello, la parte recurrida sostuvo que, le cursó una notificación de incumplimiento concediéndole un término de diez (10) días para que efectuara la totalidad de la deuda. No obstante, la parte peticionaria incumplió con el pago. Consecuentemente, la parte recurrida le solicitó al TPI que ordenara el desahucio de la parte peticionaria.

En igual fecha, fue expedido el emplazamiento y citación por desahucio dirigido a Outside.[3]

El 18 de noviembre de 2025, la parte recurrida radicó una *Solicitud de expedición de nueva citación para juicio sumario desahucio* en la que alegó que, ha realizado diversos intentos para adquirir jurisdicción sobre Outside y, por tanto, solicitó que nuevamente expida nuevas citaciones para adquirir jurisdicción sobre la parte peticionaria.[4]

Ante ello, el 21 de noviembre de 2025, emitió un *Emplazamiento y citación por desahucio* en favor de Outside.[5]

El 11 de diciembre de 2025, la parte recurrida presentó una Moción informativa y en cumplimiento de orden en la que acreditó que, el 8 de diciembre de 2025, emplazó a la parte peticionaria.[6]

---

[2] Entrada núm. 1 del caso núm. SJ2025CV10084 en el SUMAC.
[3] Entrada núm. 2 del caso núm. SJ2025CV10084 en el SUMAC.
[4] Entrada núm. 5 del caso núm. SJ2025CV10084 en el SUMAC.
[5] Entrada núm. 7 del caso núm. SJ2025CV10084 en el SUMAC.
[6] Entrada núm. 9 del caso núm. SJ2025CV10084 en el SUMAC.

Alegó que, emplazó a la señora Zaimarie Carrillo Sánchez, Liz Ribot y a Emmanuel Guisset, representantes corporativos de Outsite, Inc.

Así las cosas, el 22 de diciembre de 2025, el TPI emitió una *Sentencia* en la que dictó sentencia de desahucio en rebeldía en la que ordenó a la parte peticionaria a desalojar la propiedad de la parte recurrida.[7] Asimismo, ordenó el pago de $424.41 en concepto de cánones de renta.

Sin embargo, el 30 de diciembre de 2025, la parte peticionaria instó una *Moción de relevo de sentencia por nulidad en el emplazamiento y falta de jurisdicción*, sin someterse a la jurisdicción, en la que argumentó que, la señora Zahimarie Carrillo Sánchez (la señora Carrillo Sánchez) no es agente residente y oficial de Outsite.[8] Por ende, la parte recurrida no emplazó personalmente al agente residente de la parte peticionaria. Adujo que, la señora Carrillo Sánchez recibió un emplazamiento debajo de una alfombra de una propiedad en Aguadilla, Puerto Rico. Asimismo, arguyó que, en virtud de que la señora Carrillo Sánchez no era la agente residente de la corporación, procedía decretar nula la sentencia, al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, puesto que la parte recurrida no obtuvo jurisdicción sobre el agente residente de Outsite. La parte peticionaria indicó que, anejó una declaración jurada en la que justificó que no era la agente residente de la corporación Outsite.

En respuesta, el 22 de enero de 2026, la parte recurrida instó una *Oposición a moción de relevo de sentencia* en la que ripostó que, Outsite le respondió en un correo electrónico que, la señora Carrillo Sánchez es la Directora de Operaciones de la parte peticionaria y toda la comunicación relacionada con la parte peticionaria debía remitirla a la señora Carrillo Sánchez.[9] Asimismo, sostuvo que, el

---

[7] Entrada núm. 15 del caso núm. SJ2025CV10084 en el SUMAC.
[8] Entrada núm. 17 del caso núm. SJ2025CV10084 en el SUMAC.
[9] Entrada núm. 25 del caso núm. SJ2025CV10084 en el SUMAC.

emplazador se comunicó con la señora Carrillo Sánchez en la que le informó que, le dejó un emplazamiento en la propiedad de Outsite, la cual es en Aguadilla, Puerto Rico. Dicha comunicación fue de manera presencial, pero esta estaba dentro de la propiedad. Ante la negativa de la señora Carrillo Sánchez en recibir los documentos, el emplazador la llamó y le informó que había sido debidamente emplazada. Por tanto, alegó que, la parte peticionaria quería evadir ser desahuciada de la propiedad arrendada.

Tras diversos incidentes procesales, el 31 de marzo de 2026, fue celebrada la vista evidenciaría en virtud de la *Moción de relevo de sentencia por nulidad en el emplazamiento y falta de jurisdicción.*[10] Durante la vista, la parte recurrida esbozó que, emplazó a la señora Carrillo Sánchez dado que Outsite le notifcó que toda la información relacionada con dicha corporación, la señora Carrillo Sánchez debería ser notificada sobre ello. Por otro lado, el representante legal de la parte peticionaria notificó que, la señora Carrillo Sánchez no quiso comparecer a la vista toda vez que, razonó que la declaración jurada que brindó fue suficiente para justificar que no era la agente residente de la compañía Outsite. Asimismo, afirmó que, no debió celebrarse una vista evidenciaría puesto que, conforme a derecho no fue debidamente emplazada la corporación.

Ese mismo día, el foro primario emitió y notificó una *Resolución* en la que declaró No Ha Lugar la *Moción de relevo de sentencia por nulidad en el emplazamiento y falta de jurisdicción.*[11]

Inconforme, la parte peticionaria, sin someterse a la jurisdicción, presentó una *Petición de certiorari* en la que coligó el siguiente error:

> Erró el TPI al denegar la solicitud de relevo de sentencia por falta de jurisdicción sobre la persona a pesar del diligenciamiento incorrecto del emplazamiento en cuanto al lugar, persona y manera.

---

[10] Entrada núm. 33 del caso núm. SJ2025CV10084 en el SUMAC.
[11] Entrada núm. 31 del caso núm. SJ2025CV10084 en el SUMAC.

En cumplimiento con nuestra *Resolución,* el 16 de abril de 2026, la parte recurrida radicó una *Moción de desestimación, oposición a que se expida recurso de certiorari y alegato de la parte recurrida.*

Con el beneficio de la comparecencia de las partes, procederemos a atender el recurso ante nos.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004-1005 (2021); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR,* 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc, supra; Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación

constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.,* *supra*; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97.

En lo pertinente, *IG Builders et al v. BBVAPR*, *supra*, pág. 339, resolvió que,

> La Regla 40, *supra*, adquiere mayor relevancia en situaciones como la presente en que, de ordinario, no están disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Las resoluciones atinentes a asuntos postsentencia no se encuentran incluidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de certiorari. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales.

**B.**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece que un relevo de sentencia puede solicitarse cuando esté presente uno de los fundamentos expuestos. *Oriental Bank v. Pagán Acosta*, 2024 TSPR 133; *García Colón v. Sucn. González*, 178 DPR 527, 539 (2010); citando a: *De Jesús Viñas v. González Lugo*, 170 D.P.R. 499, 513 (2007); *Náter v. Ramos*, 162 D.P.R. 616, 624 (2004). La regla provee un mecanismo post sentencia para impedir que se vean frustrados a los fines de la justicia mediante tecnicismos y sofisticaciones. La Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, permite el relevo de sentencia en las siguientes circunstancias:

> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Este precepto procesal civil tiene como fin establecer el justo balance de dos principios cardinales en nuestro ordenamiento jurídico. *García Colón v. Sucn. González, supra,* pág. 540. Uno de los principios es, el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial. Por otro lado, que los litigios lleguen a su fin. *Náter v. Ramos, supra; Municipio de Coamo v. Tribunal Superior,* 99 D.P.R. 932, 936–937 (1971). La Regla 49.2 de Procedimiento Civil, *supra,* R. 49.2, debe interpretarse liberalmente y "cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos". *García Colón v. Sucn. González, supra,* pág. 541. Empero, dicha regla no constituye una "llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración". *Negrón Rivera y Bonilla, Ex parte,* 120 D.P.R. 61, 73 (1987*); Ríos v. Tribunal Superior,* 102 D.P.R. 793, 794 (1974). La parte que solicita el relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla. *Oriental Bank v. Pagán Acosta, supra; García Colón v. Sucn. González, supra,* pág. 540*; Reyes v. ELA et al.,* 155 D.P.R. 799, 809 (2001). El tribunal debe determinar si dentro de las circunstancias específicas del caso existen razones que justifiquen tal concesión. *Olmeda Nazario v. Sueiro Jiménez,* 123 D.P.R. 294, 299 (1989). Si la parte presenta una buena defensa, cumple con una de las circunstancias de la citada regla y el relevo no causa un perjuicio, debe concederse. *García Colón v. Sucn. González, supra,* pág. 541.

Por otro lado, en caso de que una parte solicite el remedio provisto por el inciso (1) se debe indicar los hechos y causas específicas que constituyen la justificación de la omisión. *Íd.* El promovente debe demostrar los hechos que justifican la concesión de la moción. *Íd.* La moción de relevo de sentencia debe presentarse

dentro del término razonable de seis (6) meses. *Oriental Bank v. Pagán Acosta, supra; HRS Erase v. CMT*, 205 DPR 689, 699 (2020); *Piazza v. Isla del Río, Inc.*, 158 D.P.R. 440, 449 (2003). Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237, 243 (1996). Por otro lado, el inciso (4) de la mencionada regla permite al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determina su nulidad. *García Colón v. Sucn. González, supra,* pág. 543. Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando se ha quebrantado el debido proceso de ley. *Figueroa v. Banco de San Juan,* 108 D.P.R. 680, 688 (1979); *García Colón v. Sucn. González, supra*, pág. 543. En caso de que una sentencia sea nula, tiene que dejarse sin efecto sin importar los méritos que pueda tener la defensa o la reclamación de la parte perjudicada. *García Colón v. Sucn. González, supra*, pág. 544; *HRS Erase v. CMT, supra*, pág. 698.

### III.

En el caso de autos, la parte peticionaria argumentó que, el TPI erró en denegar la solicitud de nulidad de sentencia puesto que la señora Carrillo Sánchez no era la persona autorizada para recibir notificaciones sobre asuntos legales relacionados a Outside.

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 de nuestro Reglamento, *supra.*

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones